IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MURALLA NICOLE DESANTIAGO,     CASE NO.:

    Plaintiff,

vs.

CROWN EQUIPMENT
CORPORATION,

    Defendant.
_____/

## DEFENDANT CROWN EQUIPMENT CORPORATION'S NOTICE OF REMOVAL

Defendant Crown Equipment Corporation ("Crown"), by and through its undersigned counsel and pursuant to 28 U.S.C. § 1441. and 28 U.S.C. § 1332, with full reservations of all defenses, gives notice that this cause is removed from the Circuit Court for the Ninth Circuit in Orange County, Florida, Case No. 2023-CA-017324, to the United States District Court for the Middle District of Florida, Orlando Division. In support of its Notice of Removal, Crown states:

### I. PLEADINGS

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of causes and arises out of injuries allegedly sustained by Plaintiff Muralla Nicole DeSantiago ("Plaintiff"), on or about September 11, 2022, in

connection with a forklift allegedly designed, manufactured, inspected, distributed, and sold by Crown. *See* Compl. ¶¶ 6-23, attached as **Exhibit A**.

2. The Complaint alleges eight (8) causes of action against Crown, the sole defendant in this case. *See generally*, Compl.

3. Pursuant to 28 U.S.C. § 1446 and Local Rule 1.06, Crown attaches to this Notice of Removal a copy of the state court docket and of all process, pleadings, and orders and other papers or exhibits, presently on file in the state court. *See* **Composite Exhibit B** attached.

4. Providing such material pursuant to Section 1446(a) shall not be construed as a waiver to any of Crown's defenses in this action.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interests.

## II.   REMOVAL IS PROPER IN THIS CASE

### A.   There is Complete Diversity Amongst the Parties

6. Plaintiff's Complaint indicates that she is a resident of the State of Florida. *See* Compl. ¶ 2. Upon information and belief, Plaintiff is and was a citizen of the State of Florida.

7. Crown is a corporation. Corporations are citizens in the states of their incorporation and their principal place of business. *See* 28 U.S.C. § 1332(c)(1). Crown

is incorporated under the laws of Ohio and its principal place of business is Ohio. Therefore, Crown is a citizen of Ohio for diversity purposes.

8. Because Plaintiff is a Florida citizen, and the sole defendant, Crown, is a citizen of Ohio, complete diversity exists under 28 U.S.C. § 1332.

### B. Removal is Timely and the Amount in Controversy Exceeds $75,000

9. The Notice of Removal is timely filed, as it was filed within thirty (30) days of Crown being served. *See* 28 U.S.C. § 1446(b); *see, e.g., Jones v. Commonwealth Land Title Ins. Co.*, 459 F. App'x 808, 810 (11th Cir. 2012) ("Notice of removal must be filed within thirty days after service of the defendant.").

10. The Complaint was formally served on Crown on December 21, 2023.

11. Thus, this Notice of Removal is timely filed within 30 days of formal service under 28 U.S.C. § 1446(b). *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (receipt of summons and complaint simultaneously triggers the removal time frame; mere receipt of the complaint does not trigger the removal timeframe).

12. Venue is proper in the Orlando Division of this Court pursuant to 28 U.S.C. § 1441(a), because actions are removable from the state court "to the district court of the United States for the district and division embracing the place where such action is pending." *Glob. Satellite Commun. Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004) (quoting 28 U.S.C. § 1441(a)).

13. Plaintiff's Complaint alleges that Plaintiff has been permanently disfigured as a result of the crush injury she sustained while operating the subject forklift. *See* Compl. ¶ 11. Plaintiff alleges her injury was severe enough where she sustained a partial amputation of her left foot. *See* Compl. ¶ 14. Additionally, Plaintiff is seeking damages related to her past and future medical expenses, mental and physical pain and suffering, lost wages, and loss earning capacity. *Id.*

14. On its face, Plaintiff's Complaint merely asserts that the amount in controversy exceeds Fifty Thousand Dollars ($50,000.00). *See* Plaintiff's Comp. ¶ 1. When the amount in controversy is not evident on its face a court may use "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine if the federal subject matter jurisdictional threshold is met. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Moreover, the Court may rely on its judicial experience and common sense in its determination of whether the amount in controversy requirement is satisfied. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

15. The claimed injuries and damages, similar jury verdicts, and the Affidavit of Crown's counsel, Michael J. Wiggins, demonstrates that Plaintiff seeks an amount that exceeds $75,000.00. *See* Affidavit of Michael J. Wiggins, ("Wiggins Aff."), attached as **Exhibit C**.

16. Therefore, the amount in controversy requirement for removal under 28 U.S.C. § 1332 has been satisfied.[1]

### C. All Prerequisites for Removal Have Been Satisfied

17. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served to Plaintiff's counsel.

18. Concurrent with the services of this Notice of Removal, Crown will file and serve a Notice of Filing the Notice of Removal, including a true and correct copy of the Notice of Removal, with the Clerk of Court of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. *See* **Exhibit D** attached.

19. The undersigned counsel is authorized by Crown to file this Notice of Removal and is licensed in the State of Florida is a member of the Bar of this Court.

### III. CONCLUSION

20. Because complete diversity between the only two parties to this action exists and the amount in controversy exceeds the sum of $75,000.00, removal to this Court is proper.

---

[1] Pursuant to *Pretka*, 608 F.3d at 751, courts may factor in evidence regarding the amount in controversy when a complaint does not contain a specific amount of damages. One possible form of evidence that is allowed is affidavits and declarations. *Id.* at 755. *See also Williams v. Best Buy Co.*, 269 F.3d 1316 (11th Cir. 2001) (If the amount in controversy is not "facially apparent" then the Court may consider additional evidence to determine the amount of controversy); *Harris v. JLG Indus.,* No. 15-00365-KD-B, 2016 U.S. Dist. LEXIS 9195, at *11 (S.D. Ala. Jan. 11, 2016) (observing the amount in controversy exceeding "$75,000 is readily deducible as [Plaintiff] alleges that he was run over by a forklift" and alleges left ankle and foot injuries).

21.  Therefore, this Court should exercise its diversity jurisdiction over the causes of action brought by virtue of Plaintiff's Complaint, pursuant to 28 U.S.C. § 1332 and § 1441.

**WHEREFORE**, Defendant Crown Equipment Corporation, respectfully removes this action from the Ninth Judicial Circuit Court in and for Orange County, Florida to this Court pursuant to 28 U.S.C. § 1332 and § 1441, and requests that this Court assume full jurisdiction over the cause herein as provided by law.

Dated: January 2, 2024

*s/Michael J. Wiggins*
MICHAEL J. WIGGINS, ESQ.
Florida Bar No. 0818860
MICHAEL CORRENTI, ESQ.
Florida Bar No. 0039279
PHILIP KEGLER, ESQ.
Florida Bar No. 114237
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL  32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
Primary Service Email:
DeSantiagovCrown@mtwlegal.com
Secondary Service Email:
mwiggins@mtwlegal.com;
mcorrenti@mtwlegal.com; pkegler@mtwlegal.com
*Attorneys for Defendant, Crown Equipment Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 2, 2024, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

Jonathan I. Rotstein, Esq., The Law Office of Rotstein, Shiffman & Broderick, LLP, 309 Oakridge Blvd, Suite B, Daytona Beach, FL 32118; s.carter@rotstein-shiffman.com, l.bonner@rotstein-shiffman.com, t.dallarosa@rotstein-shiffman.com; *Attorney for Plaintiff*

        *s/Michael J. Wiggins*
        MICHAEL J. WIGGINS, ESQ.
        Florida Bar No. 0818860
        MICHAEL CORRENTI, ESQ.
        Florida Bar No. 0039279
        PHILIP KEGLER, ESQ.
        Florida Bar No. 114237
        MCDONALD TOOLE WIGGINS, P.A.
        111 N. Magnolia Avenue, Suite 1200
        Orlando, FL  32801
        Telephone: (407) 246-1800
        Facsimile: (407) 246-1895
        Primary Service Email:
        DeSantiagovCrown@mtwlegal.com
        Secondary Service Email:
        mwiggins@mtwlegal.com;
        mcorrenti@mtwlegal.com; pkegler@mtwlegal.com
        *Attorneys for Defendant, Crown Equipment Corporation*